IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **SOUTHERN APPALACHIAN MOUNTAIN STEWARDS, ET AL.,** )<br>)<br>) | |
| Plaintiffs, ) | Case No. 2:12CV00009 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **A&G COAL CORPORATION,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Benjamin A. Luckett and Isak Howell, Appalachian Mountain Advocates, Lewisburg, West Virginia, for Plaintiffs; Matthews J. DeVries, William L. Penny, and Corinne E. Martin, Stites & Harbison, PLLC, Nashville, Tennessee, W. Blaine Early, III, Stites & Harbison, PLLC, Lexington, Kentucky, and Allen W. Dudley, General Counsel of Litigation, James C. Justice Companies, Inc., and Affiliates, Roanoke, Virginia, for Defendant.*

This civil action arises under the Federal Water Pollution Control Act, commonly referred to as the Clean Water Act ("CWA"), 33 U.S.C.A. §§ 1251–1387 (West 2001 & Supp. 2013), and the Surface Mining Control and Reclamation Act ("SMCRA"), 30 U.S.C.A. §§ 1201-1328 (West 2007 & Supp. 2013). The facts of the case were discussed in detail in an earlier opinion, *Southern Appalachian Mountain Stewards v. A&G Coal Corp.*, No. 2:12CV00009, 2013 WL 3814340 (W.D. Va. July 22, 2013), and I do not restate them here except as necessary to resolve the motions currently before me. I granted summary judgment in favor of the plaintiffs, finding that the defendant was discharging

selenium without a permit allowing it to do so. I held that the CWA's "permit shield" defense did not apply, although the defendant, A&G Coal Corp. ("A&G"), had a valid permit issued pursuant to the CWA, because A&G had not disclosed the possibility of selenium discharge to the permitting agency during the permit application process.

A&G has now filed a Notice of Appeal and has moved for a partial stay of my order requiring A&G, among other things, to "apply to the Virginia Department of Mines, Minerals, and Energy ('DMME') for a modification of its Virginia National Pollution Discharge Elimination System permit to address its selenium discharges" and to submit daily testing results to DMME. *Id.* at *8-9. The plaintiffs oppose A&G's motion to stay, arguing that A&G cannot establish that it will likely succeed on the merits of its appeal, that A&G will suffer a substantial hardship absent a stay, that the plaintiffs would not be harmed by entry of a stay, or that a stay would further the public interest. The plaintiffs have also filed a Motion for an Order to Show Cause Why Defendant Should Not Be Found in Civil Contempt, noting that A&G did not file its motion to stay until the last day of the compliance period for filing its permit modification application with DMME, and thus has not complied with my order.

Filing a notice of appeal of an order granting injunctive relief does not automatically stay the order. Fed. R. Civ. P. 62(a) (providing that "an

interlocutory or final judgment in an action for an injunction" is "not stayed after being entered, even if an appeal is taken"). "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies and injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). A court must consider the following factors when deciding whether to grant a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The key issue in this litigation — whether the CWA's permit shield protects a permit holder that did not disclose the potential for discharge of a pollutant because, at the time of its permit application, it did not know or have reason to know that it would discharge the pollutant — is an issue of first impression. *See S. Appalachian Mountain Stewards*, 2013 WL 3814340, at *6. It is difficult to imagine how A&G might establish a likelihood of success on the merits of its appeal when no other court, let alone a court of appeals, has ever examined the question that forms the basis of its appeal. As I explained in my opinion granting summary judgment to the plaintiffs, I determined that the plaintiffs' interpretation

of the permit shield is correct and A&G's interpretation is flawed. *See id.* at *5-8. I cannot conclude that A&G has shown a likelihood of success on the merits.

A&G has also failed to prove that it will suffer irreparable harm absent a stay. Merely submitting an application and testing data to DMME does not impose a significant hardship on A&G. My order does not require DMME to take any particular action. DMME may, in its discretion, decide to issue an amended permit containing effluent limits for selenium, or it may be unconcerned by A&G's selenium discharges and choose to leave the existing permit in effect. Moreover, there is no indication that A&G could not undo the permit process if it prevails on appeal. *See Sierra Club v. El Paso Gold Mines, Inc.*, No. Civ.A.01 PC 2163 OES, 2003 WL 25265871, at *4 (D. Colo. Apr. 21, 2003).

A&G argues that if it is required to comply with my order despite pendency of its appeal, DMME might issue an amended permit before the court of appeals issues a decision, which A&G believes would render its appeal moot. Issuance of an amended permit would not moot the appeal, however, because A&G could still be subject to civil penalties for the period during which it was discharging selenium without a permit authorizing it to do so. *See* 42 U.S.C.A. § 7604(a) (West 2013) (granting district courts jurisdiction to apply appropriate civil penalties for violation of an emission standard or limitation). A&G's mootness argument is, therefore, unavailing.

On the other hand, staying the order could harm the plaintiffs, who use the waterways into which A&G is discharging selenium. In high concentrations, selenium can negatively impact aquatic life. *See Sierra Club v. ICG Hazard, LLC*, Civil No. 11-148-GFVT, 2012 WL 4601012, at *1 (E.D. Ky. 2012); *Ohio Valley Envtl. Coal. v. Apogee Coal Co.*, 555 F. Supp. 2d 640, 641-42 (S.D.W. Va. 2008). As a result, the federal Environmental Protection Agency has designated selenium a toxic pollutant. 40 C.F.R. § 401.15 (56) (2013). The Supreme Court has stated that "[e]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, *i.e.*, irreparable." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987). I find that any potential hardship that A&G may suffer absent a stay is well outweighed by the harm that the plaintiffs might experience were I to grant a stay.

Finally, as the Ninth Circuit has noted, there is a "well-established public interest in preserving nature and avoiding irreparable environmental injury." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (internal quotation marks and citation omitted). I agree that the public has a strong interest in disallowing unpermitted discharges of pollutants and further find that no interest of the public would be harmed by denying A&G's motion to stay.

Accordingly, I find that a partial stay pending appeal is unwarranted and will deny A&G's motion.

The plaintiffs have also moved for an order to show cause why A&G should not be found in civil contempt based on A&G's belated filing of its motion to stay. Because A&G filed its motion to stay before the deadline I set for application to DMME for a permit modification, I decline to hold A&G in contempt and will deny the plaintiffs' motion for an order to show cause.

For the reasons stated, it is **ORDERED** as follows:

1. Defendant A&G Coal Corporation's Motion for Stay of Certain Provisions of the Court's July 22, 2013, Opinion and Order (ECF No. 81) is DENIED, and

2. The plaintiffs' Motion for an Order to Show Cause Why Defendant Should Not Be Found in Civil Contempt (ECF No. 87) is DENIED.

ENTER: September 13, 2013

/s/ James P. Jones
United States District Judge