# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **SOUTHERN APPALACHIAN MOUNTAIN STEWARDS, ET AL.,** | )<br>)<br>) |
| Plaintiffs, | ) Case No. 2:12CV00009<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **A & G COAL CORPORATION,** | ) By:  James P. Jones<br>) United States District Judge<br>) |
| Defendant. | ) |

*Isak Howell and Joseph M. Lovett, Appalachian Mountain Advocates, Lewisburg, West Virginia, for Plaintiffs; Allen W. Dudley, Jr., General Counsel for Litigation, and Dustin M. Deane, Associate General Counsel, James C. Justice Companies, Inc. and Affiliates, Roanoke, Virginia, for Defendant.*

The issue before the court is whether to sanction the defendant for failure to comply with a court order awarding attorneys' fees to the plaintiff. Upon consideration of the record and the parties' arguments, I have determined that sanctions are appropriate under the court's inherent authority.

I

As the result of a discovery dispute in this case, the defendant, A & G Coal Corporation ("A & G"), was ordered on March 14, 2013, to pay the plaintiffs'

attorneys' fees in the amount of $4,162.50.[1]  No such payment was made, and after requests for payment that were not answered, the plaintiff moved on November 22, 2013, to hold the defendant in civil contempt.  The court directed A & G to respond to the motion.  In its response filed December 9, 2013, A & G announced that it had that day mailed a check to plaintiffs' counsel for the ordered fees.  The only excuses given by A & G for not paying earlier was that the court's order did not specify a deadline for payment and that at the time the order was entered, "prior counsel of Record represented A & G."[2]

In response, the plaintiffs have moved the court to find the defendants in contempt and order it as a sanction to pay interest on the payment just received and additional attorneys' fees.

The issues have been fully briefed and are ripe for decision.

II

Civil fines and penalties enforce compliance with court orders and compensate parties for losses sustained due to their opponents' failures to comply.

---

[1] Order, Mar. 14, 2013, ECF No. 47.  The underlying case itself is currently on appeal.  No. 13-2050 (4th Cir. Aug. 22, 2013) (appeal docketed).  The facts of the case were discussed in detail in two earlier opinions, *S. Appalachian Mountain Stewards v. A & G Coal Corp.*, No. 2:12CV00009, 2013 WL 3814340 (W.D. Va. July 22, 2013), and *S. Appalachian Mountain Stewards v. A & G Coal Corp.*, No. 2:12CV00009, 2013 WL 5149792 (W.D. Va. Sept. 13, 2013).

[2] Def.'s Mem. Opp'n Pls.' Mot. ¶ 6, ECF No. 107.

*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-29 (1994).

A fine is particularly appropriate where the following elements are found:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 301 (4th Cir. 2000) (quoting *Colonial Williamsburg Found. v. Kittinger Co.,* 792 F. Supp. 1397, 1405–06 (E.D. Va. 1992), *aff'd,* 38 F.3d 133, 136 (4th Cir. 1994)).

The defendant failed to comply with the magistrate judge's Order to pay attorneys' fees. The Order was effective as of the date it was entered, March 14, 2013. The defendant received an electronic copy of the Order upon its entry, and did not file an objection to the Order within the 14 days required by Federal Rule of Civil Procedure 72(a). Nine months passed before the defendant paid — an unreasonable delay. Additionally, payment was not made until after the plaintiffs filed a motion for an order to show cause. In light of the defendant's delay, I find that the plaintiffs are entitled to interest in accordance with Virginia's statutory judgment rate. Va. Code Ann. § 6.2-302 (2010).

Because of the defendant's failure to comply with the court's Order, the plaintiffs incurred additional attorneys' fees in attempts to obtain their award. The plaintiffs seek a reasonable amount of attorneys' fees. Although the hourly rates of

plaintiffs' counsel reflect their specialization in environmental litigation, the plaintiffs were not required to obtain more affordable counsel in order to address the delinquencies of the defendant.  After considering the appropriate factors, *see Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting twelve factors determining the reasonableness of attorneys' fees), I find that the attorneys' fees requested are reasonable under the circumstances.  Additional measures are also appropriate to ensure that the defendant complies with this and future orders of this court.

### III

For the reasons discussed above, it is **ORDERED** as follows:

1. The plaintiffs' motion (ECF No. 104) is GRANTED;
2. The defendant must pay plaintiffs $144.85 in interest;
3. The defendant must pay plaintiffs $2,016.50 in attorneys' fees; and
4. The defendants must pay an additional $100 each day from the entry of this Order until payment is made in full of the above amounts.

ENTER: January 31, 2014

/s/  James P. Jones
United States District Judge