IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

SOUTHERN APPALACHIAN
MOUNTAIN STEWARDS, SIERRA
CLUB, and APPALACHIAN VOICES

      Plaintiffs,

      v.      CIVIL ACTION NO. 2:12-cv-009

A & G COAL CORPORATION,

      Defendant.

### Declaration of Benjamin Luckett

1. My name is Benjamin Luckett, and I reside in Greenbrier County, West Virginia.

2. I am a member of the West Virginia State Bar and have been continuously since January 2011.

3. I have been admitted to practice before the United States District Court for the Southern District of West Virginia, the United States Court of Appeals for the District of Columbia Circuit, the United States Court of Appeals for the Sixth Circuit, and the United States Court of Appeals for the Ninth Circuit.

4. I was admitted *pro hac vice* to serve as co-counsel representing plaintiffs in the above captioned case in the United States District Court for the Southern District of Western Virginia.

### Education

5. I graduated with honors from the University of Kentucky with a degree in Natural Resource Conservation and Management in 2005. I graduated *summa cum laude* from Lewis and Clark Law School with a certificate in environmental law in 2010.

EXHIBIT B

6. From August 2010 to the present I have been employed as an attorney for Appalachian Mountain Advocates in Lewisburg, West Virginia.

7. My practice has involved civil actions and appeals in federal and state courts. Geographically, the scope of my practice has encompassed matters arising or litigated in West Virginia, Kentucky, Tennessee, Virginia, Alaska, and the District of Columbia.

8. My practice has focused on the representation of environmental and citizen groups in federal litigation, with a focus on the federal Clean Water Act and Surface Mining Control and Reclamation Act and their state counterparts. I am currently litigating a case in the U.S. Court of Appeals for the Sixth Circuit that involves the same "permit shield" issue that was central to the instant case.

9. My education and my practice's specialized focus in complex environmental litigation has required me to develop significant, specialized knowledge of environmental statutes, administrative law, and scientific, engineering, financial, and ecological information.

10. In its litigation efforts, Appalachian Mountain Advocates represents clients who do not have the financial capability of paying attorney fees at prevailing market rates. Appalachian Mountain Advocates' interest in the proper enforcement of environmental statutes and regulations leads it to accept compensation exclusively for whatever fee award may result from the litigation.

11. Under the citizen suit provisions of federal environmental statutes, courts may order defendants to pay the fees of plaintiffs' attorneys in cases in which plaintiffs are successful. Appalachian Mountain Advocates has received fees for my services under these provisions in multiple consent decrees in citizen suits. The defendants in these cases willingly paid these fees after arms-length, and contentious, negotiations, and agreed that the rates were reasonable.

EXHIBIT B

12. In November 2010, the United States District Court for the Southern District of West Virginia approved and entered a Consent Decree that included a fee award for my services in Sierra Club v. Powellton Coal Co., LLC, Civ. No. 2:08-cv-2010, 2010 WL 4791590 (S.D. W. Va. Nov. 18, 2010), based on an hourly rate of $175.00.

13. In June 2012, the United States District Court for the Southern District of West Virginia approved and entered a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition v. Maple Coal Co., LLC, Civ. No. 3:11-cv-009, 808 F.Supp.2d 868 (S.D. W. Va. 2011), based on an hourly rate of $185.00.

14. In August 2014, the United States District Court for the Southern District of West Virginia approved and entered a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition v. Hernshaw Partners, LLC, Civ. No. 2:13-cv-14851, based on an hourly rate of $205.

15. My hourly rate in fee awards from August 31, 2012 through August 31, 2013, was $195.00.

16. My hourly rate in fee awards from September 1, 2013 to the present is $205.00.

15. During my practice of law, I have become familiar with the market in Virginia for legal services in litigation arising under federal environmental statutes. Accordingly, I am familiar with the Virginia market for legal services arising under SMCRA and the Clean Water Act.

16. I have acquired my knowledge of the Virginia market for legal services through (a) conversations with other environmental law practitioners in the region and (b) reviewing fee awards made to other attorneys in federal courts in the region.

17. The rates that Plaintiffs request for my services in this matter ($195.00 per hour

EXHIBIT B

for work performed prior to August 31, 2013; $205 per hour for work performed after August 31, 2013) fall within the range of prevailing market rates charged and collected by Virginia attorneys of similar educational background and experience for work in litigation arising under federal environmental statutes or in similarly complex matters.

18. The spreadsheet appended to this Declaration itemizes the tasks I performed in (a) preparing for and conducting oral argument, (b) reviewing and editing briefs regarding Defendant's Motion to Supplement Evidence, (c) reviewing and discussing the Court's Order on the parties' Motions for Summary Judgment, (d) reviewing, drafting, and editing briefs regarding Defendant's Motion for Stay Pending Appeal, (e) reviewing and editing briefs regarding Plaintiffs' Motion for Civil Contempt, (f) reviewing Defendant's NPDES Modification Application submitted in response to the Court's Order, reviewing and editing Appellate briefs, (g) reviewing and discussing the Court of Appeals decision, and (h) drafting the documents for the instant motion and declaration. The spreadsheet shows the time that I spent on each and at what rate the work performed was billed. My total time is 48.26 hours. My total fees are $9,564.

19. In my judgment, the time expended and amount billed for these tasks was reasonable. I used previously conducted relevant legal research, which significantly reduced the time I would have otherwise spent on these matters, and was careful not to duplicate the work of co-counsel on the case.

I declare that the foregoing is true to the best of my knowledge.

July 11, 2014                                          s/ Benjamin A. Luckett
                                                       Benjamin A. Luckett
                                                       Appalachian Mountain Advocates
                                                       PO Box 507
                                                       Lewisburg, WV 24901

EXHIBIT B

| Billable Hours for Benjamin Luckett in 2:12-cv-009 (W.D. Va.) | | | | |
|---|---|---|---|---|
| Date | Task | Hours | Rate ($/hr) | Fees ($) |
| 6/11/2013 | Preparing for oral argument | 2.64 | 195 | 514.8 |
| 6/14/2013 | Preparing for oral argument | 4.62 | 195 | 900.9 |
| 6/16/2013 | Preparing for oral argument | 1.75 | 195 | 341.25 |
| 6/17/2013 | Final preparation, travel, and conducting oral | 8.25 | 195 | 1608.75 |
| 7/3/2013 | Reviewing motion and editing response to motion to supplement | 1.3 | 195 | 253.5 |
| 7/22/2013 | Reviewing and Discussing Order on Motions for Summary Judgment | 0.72 | 195 | 140.4 |
| 8/2/2013 | Drafting declaration and hours spreadsheet | 0.79 | 195 | 154.05 |
| 8/21/2013 | Researching law on stay pending appeal to repsond to A&G motion | 0.26 | 195 | 50.7 |
| 8/22/2013 | Researching and drafting response to mot for stay | 3.75 | 195 | 731.25 |
| 8/22/2013 | Drafting motion and memo for contempt | 3.16 | 195 | 616.2 |
| 8/22/2013 | Editing adn adding to memo opposing stay pending appeal | 1.2 | 195 | 234 |
| 8/23/2013 | Editing and filing reponse to motion for stay | 2.61 | 195 | 508.95 |
| 8/23/2013 | Editing and filing mot and memo for contempt | 1.88 | 195 | 366.6 |
| 9/9/2013 | Reviewing A&G reply re mot for stay | 0.27 | 205 | 55.35 |
| 9/9/2013 | Reviewing A&G response re mot to show cause | 0.18 | 205 | 36.9 |
| 9/10/2013 | Reviewing and editing surreply re motion for stay | 0.66 | 205 | 135.3 |
| 9/10/2013 | Reviewing motion to withdraw | 0.1 | 205 | 20.5 |
| 9/13/2013 | Reviewing order denying motion to stay and mot for contempt | 0.09 | 205 | 18.45 |
| 9/25/2013 | Reviewing motion to intervene and researching law re standing | 0.88 | 205 | 180.4 |
| 9/30/2013 | Reviewing mot to intervene and editing IH's draft of response | 1.54 | 205 | 315.7 |
| 10/1/2013 | Reviewing opposition to motion for attorneys fees and conferring with IH | 0.38 | 205 | 77.9 |
| 10/22/2013 | Revieiwng NPDES mod application and other files in DMME FOIA response to ensure proper data was included | 2.3 | 205 | 471.5 |
| 1/22/2014 | Reviewinig briefs and planning for response | 0.77 | 205 | 157.85 |
| 1/23/2014 | Reviewing amici briefs and making notes/draft ideas | 0.89 | 205 | 182.45 |
| 1/29/2014 | Reviewing and editing permit shield section of appellate brief | 5.05 | 205 | 1035.25 |
| 1/31/2014 | Reveiwng order granting sanctions | 0.13 | 205 | 26.65 |
| 2/24/2014 | Reviewing A&G reply brief and discussing w/ IH | 0.45 | 205 | 92.25 |
| 7/11/2014 | Reviewing 4th Circuit decision | 0.47 | 205 | 96.35 |
| 7/11/2014 | Researching possibility of immediatly seeking fees for work done since last fee petition | 0.52 | 205 | 106.6 |
| 7/11/2014 | Editing billiable hours spreadsheet and declaration | 0.65 | 205 | 133.25 |
| **Total** | | 48.26 | | 9564 |

EXHIBIT B