IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **SOUTHERN APPALACHIAN MOUNTAIN STEWARDS, ET AL.,** | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:12CV00009 |
| v. | ) ) | **OPINION AND ORDER** |
| **A & G COAL CORPORATION,** | ) ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) | |

*Isak Howell, Appalachian Mountain Advocates, Lewisburg, West Virginia, for Plaintiffs; Dustin M. Deane, James C. Justice Companies, Inc. and Affiliates, Roanoke, Virginia, for Defendant.*

In this case under the Federal Water Pollution Control Act, commonly referred to as the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251–1387, and the Surface Mining Control and Reclamation Act, 30 U.S.C. §§ 1201–1328, the court previously granted summary judgment in favor of the plaintiffs, finding that the defendant was discharging selenium without a permit. The Fourth Circuit affirmed the court's judgment, and the plaintiffs have filed a motion for attorneys' fees and expenses. For the reasons stated, I will grant the plaintiffs' motion.

The facts of the case were discussed in detail in an earlier opinion, *S. Appalachian Mountain Stewards v. A & G Coal Corp.*, No. 2:12CV00009, 2013

WL 3814340 (W.D. Va. July 22, 2013), and I do not restate them here except as necessary to resolve the motion currently before me.

After the court granted the plaintiffs' motion for summary judgment, the plaintiffs filed a motion for attorneys' fees and expenses on August 5, 2013. The defendant then filed a notice of appeal of the court's judgment on August 21, 2013. Pending conclusion of the defendant's appeal, the court denied the plaintiffs' motion for attorneys' fees and expenses without prejudice. The Fourth Circuit affirmed the court's judgment on July 11, 2014, *S. Appalachian Mountain Stewards v. A & G Coal Corp.*, 758 F.3d 560 (4th Cir. 2014), and the mandate was issued on August 19, 2014.

On August 22, 2014, the plaintiffs filed a motion requesting attorneys' fees and expenses and submitted extensive time sheets reflecting work done in this case. The total amount of attorneys' fees claimed in the plaintiffs' initial motion is $142,777.35. The plaintiffs have also requested an additional $705 in attorneys' fees for costs associated with replying to the defendant's objection to its initial motion. The total amount of expenses claimed is $32,140.83, which includes costs for the complaint filing fee, consulting and expert services, travel expenses, printing services, and various other litigation related expenses.

Pursuant to the CWA, a prevailing party may recover the costs of litigation, including reasonable attorneys' fees and expert witness fees. *See* 33 U.S.C. §

1365(d) ("The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate."). The plaintiffs assert that they are entitled to attorneys' fees and expenses based on this provision of the CWA and Federal Rule of Civil Procedure 54(d).

The defendant has filed a brief in opposition to the plaintiffs' motion for attorneys' fees and expenses in which it asserts four arguments. First, the defendant asserts that an award of attorneys' fees and expenses is premature because the plaintiffs are not a "prevailing" party under the CWA. Specifically, the defendant asserts that the plaintiffs are not a prevailing party because the court retained jurisdiction in this matter pending resolution of the defendant's permit modification application to the Virginia Department of Mines, Minerals, and Energy ("DMME"). *S. Appalachian Mountain Stewards*, 2013 WL 3814340, at *9. The defendant's permit modification application has been submitted, but not yet resolved. The defendant argues that the plaintiffs will not be a prevailing party if the defendant's permit is not altered or modified by the DMME.

The plaintiffs pursued this litigation, in part, based upon the defendant's violation of the CWA by discharging selenium without a permit. The plaintiffs sought declaratory and injunctive relief requiring the defendant to comply with the

-3-

CWA's discharge requirements. In granting summary judgment, the court held that the plaintiffs successfully established that the defendant was in violation of the CWA. *Id.* at \*8.

Under these circumstances, the plaintiffs are a "prevailing" party for purposes of § 1365(d). "[A] 'prevailing party' is one who prevails on 'any significant issue' and thereby achieves some of the benefits sought by bringing suit." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989)). The key factor is whether the plaintiffs "advanced the goals of the [CWA]." *Id.* at 1202; *see also Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 316–17 (4th Cir. 1988) ("The legislative history of the fee shifting provisions indicates that they were enacted to encourage litigation to ensure proper administrative implementation of the environmental statutes."). Here, the plaintiffs sought and successfully established that the defendant was in violation of the CWA. Any prospective relief that may be required to ensure that the defendant complies with the CWA is a separate issue for purposes of awarding attorneys' fees and expenses.

The defendant also asserts that an award of attorney fees and expenses is discretionary and absent the DMME's modification of the defendant's discharge permit, the plaintiffs will not have advanced the goals of the CWA. The

defendant's argument appears to challenge whether an award under § 1365(d) is appropriate. "[A]bsent some degree of success on the merits by the claimant, it is not 'appropriate' for a federal court to award attorney's fees . . . ." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983) (addressing an analogous provision under the Clean Air Act after having previously drawn comparisons to provisions in other statues, like the CWA). In this case, the plaintiffs successfully obtained injunctive and declaratory relief after establishing the defendant's discharge violations under the CWA. Under these circumstances, the plaintiffs are entitled to appropriate attorneys' fees and expenses as a prevailing party.

The defendant's third argument is that the court should stay consideration of the plaintiffs' motion for attorneys' fees and expenses until the defendant's right to petition the Supreme Court for writ of certiorari has expired. The defendant, however, has not filed such a petition, nor has it requested that the Fourth Circuit recall its mandate and stay the matter.

The defendant asserts that the court should stay this issue for the same reasons it denied the plaintiffs' prior motion for attorneys' fees and expenses. The context has changed, however, because the Fourth Circuit affirmed the court's grant of summary judgment and the mandate has issued.

At this time, the defendant's likelihood of successfully obtaining Supreme Court review of the Fourth Circuit's ruling is not only speculative, because the

-5-

Case 2:12-cv-00009-JPJ-PMS   Document 124   Filed 10/02/14   Page 5 of 8   Pageid#: 1102

defendant has not filed a petition for writ of certiorari, but also subject to a heavy burden. More specifically, if the defendant had requested a stay of the Fourth Circuit's ruling pending a petition for writ of certiorari, it would likely have had to show "that it is reasonably likely that four Justices . . . will vote to grant the petition for writ of certiorari, and that, if they do so vote, there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous." *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1302 (2009).

The standard referenced in *O'Brien* is not directly applicable in this context, but I find it instructive, because it demonstrates the potential challenge the defendant may confront in seeking further review of this matter. I do not find it appropriate to stay consideration of the plaintiffs' motion for attorneys' fees and expenses, merely because the defendant may decide to file a petition for writ of certiorari.

The defendant's final argument is that the plaintiffs have not demonstrated that their request for expert witness fees for water sampling and analysis services provided by Downstream Strategies is reasonable. In response, the plaintiffs have submitted itemized time records that detail the services provided by Downstream Strategies during the course of this litigation. According to the filed declaration of Evan Hansen ("Hansen"), the president of Downstream Strategies, Downstream Strategies performed extensive on-site water quality sampling services,

Case 2:12-cv-00009-JPJ-PMS   Document 124   Filed 10/02/14   Page 6 of 8   Pageid#: 1103

participated in depositions, and prepared expert reports regarding selenium discharges and the defendant's expert designation assertions. Furthermore, Hansen's declaration shows that the services of Downstream Strategies were performed at a substantially reduced rate. Under these circumstances, I find that the services provided by Downstream Strategies were necessary to this litigation and are appropriate under the circumstances.

The defendant has not objected to the appropriateness of the plaintiffs' claim for attorneys' fees, and I find that the attorneys' fees requested by the plaintiffs are appropriate under the circumstances. "The starting point for establishing the proper amount of [a fee] award is [the so-called lodestar product,] the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). Other considerations, such as those identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), may require that the award be adjusted from the lodestar figure.[1] *Rum Creek*, 31 F.3d at 175. "The most critical [of those] factor[s] . . . is the degree of success obtained." *Freeman v. Potter*, No. 7:04cv00276, 2006

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19; *Rum Creek*, 31 F.3d at 175.

WL 2631722, at *5 (W.D. Va. Sept. 13, 2006); see Hensley v. Eckerhart, 461 U.S. 424, 434–35 (1983).

Considering all of these factors, I find the attorneys' fees requested by the plaintiffs to be reasonable. The hourly rate claimed is not in excess of that normally claimed in this type of litigation in this court. Moreover, the time spent was reasonable and other relevant factors support the amount claimed. The plaintiffs are therefore entitled to a total of $175,623.18 for attorneys' fees and expenses associated with this litigation.

For the foregoing reasons, it is **ORDERED** as follows:

1. Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses (ECF No. 120) is GRANTED; and

2. A & G Coal Company must pay to the plaintiffs jointly the sum of $175,623.18.

> ENTER: October 2, 2014
>
> /s/ James P. Jones
> United States District Judge